# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION
## CIVIL ACTION NO. _____

| | |
|---|---|
| JACKSON FARMING COMPANY OF AUTRYVILLE a/k/a JACKSON'S FARMING COMPANY OF AUTRYVILLE, WILLIAM BRENT JACKSON, and WILLIAM RODNEY JACKSON<br><br>Plaintiff,<br><br>v.<br><br>FCCI SERVICES, INC. and NATIONAL TRUST INSURANCE COMPANY,<br><br>Defendants. | **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(b) (DIVERSITY)** |

Defendants, FCCI Services, Inc. ("FCCI") and National Trust Insurance Company ("National Trust" and collectively "Defendants"), hereby give notice, pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, that they have removed the above-captioned matter to the United States District Court for the Eastern District of North Carolina. A copy of this Notice is being filed with the Clerk of Superior Court of Sampson County, North Carolina, pursuant to 28 U.S.C. § 1446(b). In support of this Notice, Defendant states the following:

## PROCEDURAL HISTORY AND CASE BACKGROUND

1. This civil action regards whether a general liability insurance policy issued by Defendant National Trust to Plaintiffs requires the insurer to indemnify Plaintiffs for the damages they allege they incurred.

2. On or about September 25, 2019, Plaintiffs filed a Complaint against

1

Defendants in the Superior Court of Sampson County, North Carolina. The Complaint was assigned case no. 19 CVS 1060 (the "State Court Action"). Plaintiffs served the Complaint upon Defendant National Trust, via certified mail, on October 1, 2019. Defendant FCCI was served with the complaint via certified mail on or about October 3, 2019. *See Exhibit 1, copy of Plaintiff's Complaint.*

3. According to the Complaint, on or about March 17, 2015, Defendant FCCI issued a general liability insurance policy bearing the number FPP0001742 4 (the "Policy") to Plaintiffs. *See Complaint, ¶11. See also Exhibit 2, a copy of the Policy.* Defendants contend that National Trust is the issuing company of the Policy, not FCCI.

4. On or about December 16, 2015, Plaintiff Jackson Farming Company of Autryville a/k/a Jackson's Farming Company of Autryville ("Jackson Farming") was notified of alleged violations of the Fair Labor Standards Act ("FLSA"), the North Carolina Wage and Hour Act ("NCWHA"), and the common law of contracts related to some of their H-2A guestworkers. *See Complaint, at ¶15.*

5. Subsequently, the guestworkers or employees of Plaintiffs filed a class action lawsuit against Plaintiffs in the Eastern District of North Carolina. The action was assigned case no. 7:16-CV-25-D and styled *Constantino Sanchez-Rodriguez et al v. Jackson Farming Company of Autryville a/k/a Jackson's Farming Company of Autryville et al.* (the "Class Action Suit"). The Class Action Suit alleges Plaintiffs committed violations of the FLSA, the NCWHA and common law contracts. *See Complaint at ¶¶17-18.*

6. Plaintiffs provided notice of the Class Action Suit to Defendants on or about August 5, 2016 (the "Claim").

7. The Class Action Suit has settled, for approximately $92,000.

8. The Complaint in this action alleges the Defendants wrongfully denied Plaintiffs' Claim for coverage related to the Class Action Suit. *Id., at ¶¶20-21.*

9. In their Complaint, Plaintiffs allege two causes of action against Defendants. The First Cause of Action is for Breach of Contract. It seeks damages in excess of $25,000. *Id., at ¶38.* Plaintiffs' Second Cause of Action is for Declaratory Judgment, seeking a declaration of Plaintiffs' rights under the Policy. Finally, the Complaint seeks an unidentified amount of costs and attorneys' fees. *Id., at p. 7.*

10. In accordance with the foregoing, including 28 U.S.C. §§ 1332(a)(1), 1446 (b)(3), and 1446 (c)(1), Defendant now removes this matter to this Court based upon diversity jurisdiction.

## JURISDICTIONAL BASIS UNDER 28 U.S.C. § 1332

11. Under U.S.C. § 1332(a)(1), this Court has "original jurisdiction where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States …." *Id.* Here, both criteria are met.

**A.   Complete Diversity of Citizenship Exists.**

12. According to the Complaint, Plaintiff Jackson Farming is a North Carolina corporation with its principal place of business in Sampson County, North Carolina. *See Ex. 1, Compl. ¶1.* Plaintiffs William Brent Jackson and William Rodney Jackson are each residents of Sampson County, North Carolina. *Id, at. ¶¶ 2-3.*

13. Defendant FCCI is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Sarasota, Florida.

14. Defendant National Trust is a corporation organized and existing under

the laws of the State of Indiana, with its principal place of business in Sarasota, Florida.

15. Given that Plaintiffs are all citizens of North Carolina, Defendant FCCI is a citizen of Florida, and Defendant National Trust is a citizen of Indiana, the Parties to this Action are citizens of different states, and complete diversity between the Parties exists.

**B.     The Amount in Controversy Exceeds $75,000.00.**

16. As indicated above, the amount in controversy exceeds $75,000, exclusive of interest and costs.

17. Plaintiffs' First Cause of Action seeks actual damages in excess of $25,000 plus the costs of the action and attorneys' fees. See *supra.*

18. Plaintiffs allege they had to incur costs to defend, settle, and pay the Plaintiffs in the Class Action Suit. *Id. a*t ¶ 36.

19. Plaintiffs demand for actual damages is based on the Claim and the Class Action Suit. The Class action suit settled for $96,950. *See Exhibit 3 – Joint Motion for Approval of Collective Action and Class Action Settlement. See also Exhibit 4 – Order Granting Final Approval of Collective Action and Class Action Settlement.*

20. Upon aggregating the Class Action Settlement amount of $96,950 with costs and attorney's fees beyond that figure, the amount in controversy in this Action exceeds the jurisdictional threshold of $75,000.00. *See generally Pl's. Compl.; see also Francis v. Allstate Ins. Co., 709 F.3d 362 (4th Cir. 2013)* (holding that when the applicable state's law permits the recovery of attorney's fees, such fees may be included when determining whether the matter satisfies the jurisdiction threshold)*; JTH Tax, Inc. v. Frashier, 624 F.3d 635, 639 (4th Cir. 2010)* (holding same)*; Wood v. Stark Tri-County Bldg. Trades Council, 473 F.2d 272 (6th Cir. 1973)* (holding same).

21. Accordingly, the requirements of 28 U.S.C. §1332 are satisfied, as the amount in controversy exceeds $75,000.00.

## **LEGAL ARGUMENT**

22. As stated above, the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs, and this matter is between citizens of different states. Accordingly, this Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

23. Pursuant to 28 U.S.C. §1441(a), this Court is the proper venue for removal because it is the district and division embracing the place where the originally filed State Action is pending. Defendant, though, does not waive its right to contest venue, including pursuant to 28 U.S.C. §1404.

24. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon counsel for the Plaintiffs and shall be contemporaneously filed with the Clerk's Office for the Court of Common Pleas of Horry County, South Carolina.

25. A copy of the Notice of Removal to Opposing Counsel and the Notice of Filing the Notice of Removal, both of which shall be filed in the State Court action, is attached hereto as Exhibits 5 and 6, respectively.

26. This Notice of Removal is not a waiver of Defendant's defenses, including but not limited to the right to contest venue, nor should it be understood or construed as a waiver of any defense Defendant may have against any of the allegations in the Complaint, or as a general appearance or waiver of any defense based upon lack of jurisdiction or for failure to state a claim.

WHEREFORE, Defendants, FCCI Services, Inc. and National Trust Insurance Company, request that the above-captioned action be removed from the Superior Court of Sampson County, North Carolina, to the United States District Court for the Eastern District of North Carolina.

      BUTLER WEIHMULLER KATZ CRAIG LLP
      __/s/_ L. Andrew Watson_____
      L. Andrew Watson
      NC Bar No.: 41812
      Eric R. Noble
      NC Bar No.: 47120
      11605 North Community House Road, Ste. 150
      Charlotte, NC  28277
      PH:  (704) 543-2321
      FX:  (704) 543-2324
      E:  awatson@butler.legal
          enoble@butler.legal
      *Attorneys for Defendants*

6

Case 7:19-cv-00214-D   Document 1   Filed 10/30/19   Page 6 of 7

## **CERTIFICATE OF SERVICE**

I hereby certify that on the __30th__ day of October, 2019, I served a true and correct copy of the foregoing **NOTICE OF REMOVAL** by placing the same, postage prepaid, in the United States Mail addressed to the following persons, as well as filing the same with the above-captioned court via ECF Pacer:

>Luther D. Starling, Jr.
>Daughtry, Woodard, Lawrence & Starling
>P.O. Drawer 1960
>Smithfield, NC  27577
>*Counsel for Plaintiff*

>/s/ L. Andrew Watson_____
>L. Andrew Watson