STATE OF NORTH CAROLINA    IN THE GENERAL COURT OF JUSTICE
                           SUPERIOR COURT DIVISION
COUNTY OF SAMPSON          File No. 19-CVS-1060

JACKSON FARMING COMPANY OF
AUTRYVILLE a/k/a JACKSON'S
FARMING COMPANY OF
AUTRYVILLE, WILLIAM BRENT
JACKSON, and WILLIAM RODNEY
JACKSON,

    *Plaintiffs*,

    v.

FCCI SERVICES, INC. and NATIONAL
TRUST INSURANCE COMPANY,

    *Defendants*.

**COMPLAINT**



NOW COMES Plaintiffs Jackson Farming Company of Autryville a/k/a Jackson's Farming Company of Autryville, William Brent Jackson and William Rodney Jackson (hereinafter referred to as "Plaintiffs") by and through the undersigned counsel and hereby complains of the acts of Defendants, FCCI Services, Inc. and National Trust Insurance Company (hereinafter referred to as "Defendants"), and states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Jackson Farming Company of Autryville a/k/a Jackson's Farming Company of Autryville (hereinafter "Jackson Farming") is a North Carolina corporation with its principal place of business in Sampson County.

2. Plaintiff William Brent Jackson is a citizen and resident of Sampson County.

3. Plaintiff William Rodney Jackson is a citizen and resident of Sampson County.

1

4. Plaintiffs William Brent Jackson and William Rodney Jackson are, and were at all times relevant hereto, the sole owners of Jackson Farming.

5. Upon information and belief, Defendant FCCI Services, Inc. is a Florida Corporation, and at all times material to this Complaint, was authorized to do business in North Carolina, and with offices and agents located throughout the state of North Carolina.

6. Upon information and belief Defendant National Trust Insurance Company is an Indiana Corporation and is a subsidiary of FCCI Services, Inc., and at all times material to this Complaint, was authorized to do business in North Carolina, and had offices and agents located throughout the state of North Carolina.

7. At all times relevant to this case, Plaintiffs have operated a farming business in Sampson County whereby Plaintiffs were and are engaged in planting, cultivating, harvesting, packing, and producing various agricultural products.

8. Upon information and belief, at all times relevant to this case Defendants have been authorized to sell and issue insurance policies in the State of North Carolina.

## STATEMENT OF FACTS

9. Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs as if fully set forth herein.

10. Upon information and belief, at all times relevant to this case Plaintiffs had and maintained general liability insurance and employment practices liability insurance, among other coverages, under an insurance policy purchased from Defendants.

11. On or about March 17, 2015, Defendants issued to Plaintiffs an insurance policy denoted by FCCI Insurance Company as Policy No. FPP0001742 4, whereby

Plaintiffs purchased general liability insurance and whereby Plaintiffs elected to be covered under the coverages, terms, and conditions of Defendants' "Employment Practices Liability Insurance Coverage Endorsement,"(EPL coverage) among other coverages (hereinafter the "Policy").

12. The EPL coverage purported to provide liability insurance to Plaintiffs in connection with claims arising out of alleged wrongful employment acts.

13. The Policy was in force and effect at all times relevant hereto.

14. At all times relevant hereto, Plaintiffs employed workers under the H-2A guestworker program to assist in their farming operations.

15. On or about December 16, 2015, Plaintiffs were notified that some of its H-2A guestworkers (hereinafter the "Employees") alleged violations of the Fair Labor Standards Act (FLSA), the North Carolina Wage and Hour Act (NCWHA) and the common law of contracts, arising out of their employment with Jackson Farming.

16. Plaintiffs provided timely notice of this claim to Defendants, formally requesting Defendants defend it in connection with the allegations raised by the Employees.

17. On February 24, 2016, the Employees filed a class action lawsuit against Plaintiffs in the United States District Court for the Eastern District of North Carolina (*See* Constantino Sanchez-Rodriguez, et al v. Jacksons Farming Company of Autryville a/k/a Jackson's Farming Company of Autryville, et al: File No. 7:16-CV-28-D, hereinafter "the Class Action Suit").

18. In the Class Action Suit, the Employees alleged violations of the Fair Labor Standards Act and the North Carolina Wage and Hour Act, and common law contracts of North Carolina.

3

19. Upon information and belief, the types of claims alleged by the Employees were covered claims under the Policy.

20. After more than nine months from the date Defendants initially became aware of the claims against Plaintiffs, Defendants, in a letter dated September 26, 2016, notified Plaintiffs that Defendants declined to provide coverage for this claim.

21. On November 21, 2016, Plaintiffs re-submitted the claim to Defendants, and again on November 30, 2016 Defendants provided written notice of denial of the claim.

22. Defendants refused to provide a defense of the claim, or to provide liability coverage in connection therewith, alleging "the Insuring Agreement has not been satisfied" and "the EPL Endorsement . . . precludes matters brought under the Fair Labor Standards act or similar state law."

23. The terms of the Employment Practices Liability Insurance Coverage Endorsement of the Policy state: "'We' shall pay those 'losses' arising out of an 'insured's' 'wrongful employment act' . . . against 'your' 'employees', . . . to which this insurance applies."

24. The terms of the Employment Practices Liability Insurance Coverage Endorsement of the Policy further provide that coverage applies to acts commencing or taking place after the date of organization of the insured—which here would be the commencement of the Jackson Farming corporation.

25. The terms of the Employment Practices Liability Insurance Coverage Endorsement of the Policy further provide that Defendants "have the right and duty to defend and appoint an attorney to defend any 'claim' or 'suit' brought against any 'insured' for

4

a 'wrongful termination act' to which this insurance applies, even if the 'claim' or 'suit' is groundless or fraudulent."

26. As a result of Defendants' failure to provide defense for the claims against Plaintiffs, or otherwise to timely settle and pay the claim, Plaintiffs incurred substantial expenses including attorneys' fees in an effort to defend the claim with Plaintiffs' own financial resources.

27. After nine months of preparation to litigate and defend this case, Plaintiffs entered into a settlement agreement with the Employees, in connection with the Class action Suit.

## FIRST CLAIM FOR RELIEF
### Breach of Contract

28. Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs as if fully set forth herein.

29. The Policy constitutes a valid, legal, and binding contract under North Carolina law for value and with good and sufficient consideration between Plaintiffs and Defendants.

30. Pursuant to the Policy, Defendants agreed to provide employment practices liability insurance to Plaintiffs.

31. The Policy included coverage to protect Plaintiffs in connection with claims for actual or alleged wrongful employment acts.

32. The allegations in the Class Action Suit allegedly arose while the Policy was in effect.

33. Plaintiffs properly requested Defendants provide a defense in connection with the Class Action Suit and claims against Plaintiffs.

5

34. Defendants refused to provide a defense in connection with the claim, or to provide liability coverage in connection therewith.

35. Plaintiffs fulfilled their obligations under the Policy.

36. Under the clear terms of the Policy, Defendants were obligated to defend, settle and pay Plaintiffs' claim regarding the Employees' Class Action Suit.

37. Despite the clear terms of the Policy, Defendants failed to defend or otherwise settle and pay Plaintiffs' claim, breaching the duty owed to Plaintiffs under the Policy.

38. Defendants' breach has caused Plaintiffs to suffer substantial monetary damages in an amount in excess of $25,000.00.

**SECOND CLAIM FOR RELIEF**
**Declaratory Judgment**

39. Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs as if fully set forth herein.

40. Plaintiffs seeks a declaratory judgment from this Court pursuant to North Carolina General Statute § 1-253 *et seq.* to determine the rights and obligations of the Parties relating to all issues raised herein.

41. There exists between the Parties an actual and justiciable controversy regarding the rights, obligations, and legal interests of the Parties with respect to the Policy.

42. A declaratory judgment from this Court would settle the controversy between the Parties and remove uncertainty with respect to their rights, duties, and obligations as it relates to the Policy.

43. Plaintiffs are entitled to a judgment pursuant to Rule 57 of the North Carolina Rules of Civil Procedure and North Caroling General Statute § 1-253 *et seq.*

6

declaring the rights, obligations, and legal interests of the Parties with respect to the Policy.

WHEREFORE, Plaintiffsrespectfully prays this Court as follows:

1. That judgment be awarded against Defendants in an amount to be proven at trial;

2. This this Court enter a declaratory judgment declaring the rights, obligations, and legal interests of the Parties with respect to the Policy;

3. That all issues of fact be determined by a jury;

4. That the cost of this action be taxed against Defendants, including reasonable attorneys' fees; and

5. Forsuch other and further relief this Court deems just and proper.

Respectfully submitted this the 25 day of September, 2019.

DAUGHTRY, WOODARD, LAWRENCE & STARLING

_____
Luther D. Starling, Jr.
N.C. State Bar No: 17603
405 East Main Street
Post Office Drawer 1960
Smithfield, NC 27577
Telephone: 919-934-5012
*Attorney for the Plaintiff*

7