EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:16-CV-00028-D

| | |
|---|---|
| CONSTANTINO SANCHEZ-RODRIGUEZ; JOSĖ ALBERTO AGUILERA-HERNANDEZ; ULISES EDGARDO CRUZ-GONZALEZ; ESMITH GONZALEZ-RODRIGUEZ; VALENTIN ALVARADO-HERNANDEZ; DANIEL RODRIGUEZ-GARCIA; and ESDRAS SAHI MENDIOLA-BORDES, on behalf of themselves and all other similarly situated persons, <br><br>　　　Plaintiffs, <br><br>　　v. <br><br>JACKSONS FARMING COMPANY OF AUTRYVILLE aka JACKSON'S FARMING COMPANY OF AUTRYVILLE; WILLIAM BRENT JACKSON; and WILLIAM RODNEY JACKSON, <br><br>　　　Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**JOINT MOTION FOR APPROVAL OF COLLECTIVE ACTION
AND CLASS ACTION SETTLEMENT**

Plaintiffs and Defendants, by and through their undersigned counsel, jointly move this Court for entry of the stipulated order (Exhibit 1) approving the settlement agreement (Exhibit 2) reached between the parties.

Respectfully submitted, this 18th day of January, 2017.

/s/ Robert J. Willis
Robert J. Willis
N.C. Bar No.10730
E-mail: rwillis@rjwillis-law.com
Law Office of Robert J. Willis, PLLC
P.O. Box 1269
Raleigh, North Carolina 27602
Telephone: (919) 821-9031
Facsimile: (919) 821-1764

*Attorney for Plaintiffs*

/s/ Paul H. Derrick
Paul H. Derrick
N. C. Bar No. 27366
E-mail: pderrick@fmglaw.com
Freeman Mathis & Gary, LLP
5540 Centerview Drive, Suite 200
Raleigh, North Carolina 27606
Telephone: (919) 424-3850
Facsimile: (919) 786-9662

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of the *Joint Motion for Approval of Collective Action and Class Action Settlement* was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

This 18th day of January, 2017.

/s/ Paul H. Derrick
Paul H. Derrick

2

Case 7:19-cv-00214-D Document 1-5 Filed 10/30/19 Page 2 of 12
Case 7:16-cv-00028-D Document 35 Filed 01/18/17 Page 2 of 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| CONSTANTINO SANCHEZ-RODRIGUEZ, JOSÉ ALBERTO AGUILERA-HERNANDEZ, ULISES EDGARDO CRUZ-GONZALEZ, ESMITH GONZALEZ-RODRIGUEZ, VALENTIN ALVARADO-HERNANDEZ, DANIEL RODRIGUEZ-GARCIA, and ESDRAS SAHI MENDIOLA-BORDES, on behalf of themselves and all other similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> JACKSONS FARMING COMPANY OF AUTRYVILLE a/k/a JACKSON'S FARMING COMPANY OF AUTRYVILLE, WILLIAM BRENT JACKSON, and WILLIAM RODNEY JACKSON, <br><br> Defendants. | C. A. No. 7:16-cv-00028-D <br><br> **CLASS ACTION** |

**ORDER GRANTING PRELIMINARY APPROVAL OF COLLECTIVE ACTION
AND CLASS ACTION SETTLEMENT**

This matter is before the Court on the parties' Joint Motion for Preliminary Approval of Collective Action and Class Action Settlement ("Joint Motion"). The Court finds that the proposed settlement terms are fair, adequate, and within the range of reasonableness for preliminary approval, Fed. R. Civ. P. 23(e). Therefore, the Court preliminarily approves the Settlement Agreement entered into by the parties.

IT IS SO ORDERED.

This the ___ day of _____, 2017.

_____
U.S. District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of the proposed *Order Granting Preliminary Approval of Collective Action and Class Action Settlement* was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

This 18th day of January, 2017.

/s/ Paul H. Derrick
Paul H. Derrick

2

Case 7:19-cv-00214-D Document 15-1 Filed 10/30/19 Page 4 of 12
Case 7:16-cv-00028-D Document 35-1 Filed 01/18/17 Page 2 of 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

CONSTANTINO SANCHEZ-RODRIGUEZ, )
JOSÉ ALBERTO AGUILERA-HERNANDEZ, )
ULISES EDGARDO CRUZ-GONZALEZ, )
ESMITH GONZALEZ-RODRIGUEZ, )
VALENTIN ALVARADO-HERNANDEZ, )
DANIEL RODRIGUEZ-GARCIA, and ESDRAS )
SAHI MENDIOLA-BORDES, on behalf of )
themselves and all other similarly situated persons, )
)
            Plaintiffs, )  C. A. No. 7:16-cv-00028-D
)
      v. )  **CLASS ACTION**
)
JACKSONS FARMING COMPANY OF )
AUTRYVILLE a/k/a JACKSON'S FARMING )
COMPANY OF AUTRYVILLE, WILLIAM )
BRENT JACKSON, and WILLIAM RODNEY )
JACKSON, )
)
            Defendants. )

## AGREEMENT AND GENERAL RELEASE

    Jackson Farming Company of Autryville, William Brent Jackson, and William Rodney Jackson, along with Constantino Sanchez-Rodriguez, Jose Alberto Aguilera-Hernandez, Ulises Edgardo Cruz-Gonzalez, Esmith Gonzalez-Rodriguez, Valentin Alvarado-Hernandez, Daniel Rodriguez-Garcia, and Esdras Sahi Mendiola-Bordes, their heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Plaintiffs"), agree that:

    1.  **Consideration.** In consideration for the execution of this Agreement and General Release and compliance with its terms, and without admitting that they acted unlawfully in any way, Jackson Farming Company of Autryville, William Brent Jackson, and William Rodney Jackson agree to pay, through the trust account of their counsel within thirty (30) calendar days following the final approval of this settlement by the Court, the total amount of $96,950.00 to resolve all claims that have been or could be asserted by Plaintiffs in this action. Of the total settlement amount:

    (A)  $6,950.00 will be paid into a "Settlement Fund" to be administered by an independent third-party claims administrator to be arranged and paid for by the defendants

(B)      after reasonable notice to the Court and plaintiffs' counsel for the benefit of non-named plaintiff class members, with each class member who files a valid claim receiving $50.00. Jackson Farming Company will be responsible for the cost of administration of this settlement;

(B)      $40,000.00 will be paid to Plaintiffs' counsel in a lump sum in one check made payable to "Law Offices of Robert J. Willis, P.A." as attorneys' fees and costs, subject to approval by the Court; and

(C)      Subject to the approval of the Court, the remaining $50,000.00 of the total settlement amount will be allocated to claims of named Plaintiffs, to be divided among them as they may decide.

(D)      Preparation of Joint Motion and Joint Supporting Memorandum for Preliminary and Final Approval of Settlement Agreement with proposed orders, and Joint Motion for Approval of and Preliminary and Final Notice to Class and Method of Distributing Same with FLSA Claim Form –

(1) Promptly after execution of this Agreement, counsel for the Named Plaintiffs and counsel for the Defendants shall file a Joint Motion and Supporting Memorandum for Preliminary Approval of Settlement, including submittal of this Agreement. Promptly after the execution of this Agreement, counsel for the Named Plaintiffs and counsel for the Defendants shall file a Joint Motion for the Court's Approval of a proposed Notice to the Class of the Court's preliminary approval of this Settlement and the Method of Distributing that Notice along with a proposed Notice. Within fifteen (15) days of the date on which this Agreement is executed, counsel for the Defendants shall draft and submit all of these pleadings to counsel for Named Plaintiffs to allow plaintiffs' counsel to review and comment on those pleadings before they are filed with the Court. Following approval by both sides, the parties will file these pleadings with the Court for its review and consideration.

(E)      Within at least fifteen (15) days before the date set by the Court for the final "fairness" hearing of any Settlement Agreement for which the Court has granted its preliminary approval, counsel for the Named Plaintiffs and counsel for the Defendants shall file a Joint Motion and Supporting Memorandum for Final Approval of the Settlement Agreement with a draft proposed FLSA claims form. Within at least fifteen (15) days before the date set for the

2

final "fairness" hearing, counsel for the Named Plaintiffs and counsel for the Defendants shall also file a Joint Motion for the Court's Final Approval of a proposed Notice to the Class of this Settlement and the Method of Distributing that Notice along with a proposed Notice. At least thirty (30) days before the date set by the Court for the "fairness" hearing for the Court to review this Agreement for final approval, counsel for the Defendants shall draft and submit all of these pleadings to counsel for Named Plaintiffs to allow plaintiffs' counsel to review and comment on those pleadings before they are filed with the Court. Following approval by both sides, the parties will file these pleadings with the Court for its review and consideration.

2. **No Consideration Absent Execution of this Agreement.** Plaintiffs understand and agree that they would not receive the consideration specified in paragraph 1 but for the execution of this Agreement and General Release and the fulfillment of the promises contained herein. The execution of this Agreement and General Release may be made separately by each of the Plaintiffs.

3. **Administration of Class Claims.** Potential class claimants will have a period of one hundred twenty (120) calendar days after the court-approved notice is mailed to them pursuant to the Court's final approval of this class settlement to submit their claim forms for all claims asserted under the FLSA with a legible copy of a government issued ID. One hundred percent (100%) of any funds remaining from the Settlement Fund after all claims are paid will revert to Jackson Farming Company of Autryville, William Brent Jackson, and William Rodney Jackson.

4. **General Release of All Claims.** Plaintiffs, for themselves and all class members they seek to represent, knowingly and voluntarily release and forever discharge Jackson Farming Company of Autryville, William Brent Jackson, and William Rodney Jackson, along with their heirs, executors, administrators, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, that Plaintiffs have or may have against Releasees from the beginning of time until September 28, 2016, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;

- Sections 1981 through 1988 of Title 42 of the United States Code;

- The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan);

3

- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Age Discrimination in Employment Act of 1967 ("ADEA");
- The Older Worker Benefit Protection Act;
- The Worker Adjustment and Retraining Notification Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act;
- The Equal Pay Act;
- The Fair Labor Standards Act;
- North Carolina Equal Employment Practices Act – N.C. Gen. Stat. §143-422.1, et seq.;
- North Carolina Parental Leave for School Involvement Act – N.C. Gen. Stat. §95-28.3;
- North Carolina Smokers' Rights Law – N.C. Gen. Stat. §92-28.2;
- North Carolina Persons With Disabilities Protection Act – N.C. Gen. Stat. §168A-1, et seq.;
- North Carolina Communicable Disease Law – N.C. Gen. Stat. §130A, §130A-148(i);
- North Carolina Discrimination on the Basis of Sickle Cell Trait Law – N.C. Gen. Stat. §95-28.1;
- North Carolina Genetic Testing Law – N.C. Gen. Stat. §95-28.1A;
- North Carolina Retaliatory Employment Discrimination Law – N.C. Gen. Stat. §95-240, et seq.;
- North Carolina Wage and Hour Act, as amended, including N.C. Gen. Stat. §95-25.2, et seq., and §95-25.14, et seq.;
- North Carolina Occupational Safety and Health Act, as amended, §95-126, et seq.;

4

- any other federal, state or local law, rule, regulation, or ordinance;
- any public policy, contract, tort, or common law; or
- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

If any claim is not subject to release, Plaintiffs waive, to the extent permitted by law, any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective, or multi-party action or proceeding based on such a claim in which any Releasee identified in this Agreement is a party.

5. **Acknowledgments and Affirmations.**

Plaintiffs affirm that they have not filed, caused to be filed, or presently are parties to any pending claim against any Releasee except for the lawsuit styled *Constantino Sanchez-Rodriguez, et al. v. Jacksons Farming Company of Autryville, et al.*, C. A. No. 7:16-cv-00028 ("Lawsuit"), which is pending in the U. S. District Court for the Eastern District of North Carolina. Plaintiffs agree that they will cooperate in the filing of a Stipulation of Dismissal with Prejudice of the Lawsuit no later than 14 business days following the final approval of settlement by the court at the conclusion of the administration of claims filed by putative class members pursuant to the payment of the consideration specified in paragraph 1.

Plaintiffs further affirm that they have no known workplace injuries or occupational diseases.

Plaintiffs understand and agree that, due to irreconcilable differences between themselves and the Releasees, they are ineligible for rehire by Jackson Farming Company and for employment by any Releasee at any time now and in the future, and any application they may make for such employment may lawfully be treated as if it had never been made.

6. **Attorneys Fees in the Event of Breach of this Agreement.** If Plaintiffs or any Releasee must enforce any of the provisions of this Agreement through legal proceedings, Plaintiffs and such Releasee(s) agree to reimburse whoever prevails in such legal proceedings for all reasonable costs, expenses, and attorney's fees incurred by the prevailing party in connection with such enforcement.

7. **Confidentiality.** Plaintiffs, Plaintiffs' attorneys, and any agents acting on Plaintiffs' behalf will not publicize the terms of this settlement or the results of this action where the primary purpose is not the notification of potential class members. The parties agree that should any Plaintiff be asked about his dispute with any of the Releasees, he may respond by saying only that the matter has been "settled" or "resolved to the satisfaction of the parties." The parties further agree that this Agreement may only be used as evidence in a subsequent proceeding in which any of the parties alleges a breach of this Agreement. The prohibitions in this paragraph shall not apply if any Plaintiff is subpoenaed or otherwise required to provide such information by a state or federal agency or compelled to provide such information pursuant to lawful process issued by a court of competent jurisdiction. However, any such affected

5

Plaintiff shall provide notice to the Releasees through their counsel, Paul H. Derrick, Freeman Mathis & Gary, LLP, 5540 Centerview Drive, Suite 200, Raleigh, North Carolina 27606, upon receipt of and prior to compliance with said subpoena or order. Plaintiffs acknowledge that a breach of any of these confidentiality requirements would be a material breach of this Agreement.

8. **Miscellaneous.** Justin Flores will sign and deliver to counsel for the Releasees, within thirty (30) calendar days following the final approval of this settlement by the Court a letter, on the letterhead of Farm Labor Organizing Committee, AFL-CIO, that reads as follows: "To Whom it May Concern: This is to advise that the dispute that arose in 2015 between seven members of the Farm Labor Organizing Committee, AFL-CIO, and Jackson Farming Company, Senator Brent Jackson, and Rodney Jackson has been resolved to the satisfaction of the parties and those affiliated with them."

Jackson Farming Company of Autryville, William Brent Jackson, and William Rodney Jackson will be responsible for paying 100% of the fees and expenses of the mediator who presided over the mediation in this matter.

9. **Governing Law and Interpretation.** This Agreement and General Release shall be governed and conformed in accordance with the laws of the State of North Carolina, without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement and General Release, any party may institute an action specifically to enforce any term or terms of this Agreement and General Release and/or seek any damages for breach. Should any provision of this Agreement and General Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement and General Release in full force and effect.

10. **Nonadmission of Wrongdoing.** The parties agree that neither this Agreement and General Release nor the furnishing of the consideration for this Agreement and General Release shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

11. **Amendment.** This Agreement and General Release may not be modified, altered or changed except in writing and signed by all parties or their counsel, wherein specific reference is made to this Agreement and General Release.

12. **Entire Agreement.** This Agreement and General Release sets forth the entire agreement between the parties. Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made to them in connection with their decision to accept this Agreement and General Release, except for those set forth in this Agreement and General Release. To the extent applicable, in order to comply with the requirements for waiving and releasing claims under the Older Worker Benefit Protection Act:

**PLAINTIFFS ARE ADVISED THAT THEY HAVE UP TO 21 CALENDAR DAYS TO CONSIDER THIS AGREEMENT AND GENERAL RELEASE. PLAINTIFFS**

6

Case 7:19-cv-00142-D Document 15-2 Filed 10/30/19 Page 10 of 12
Case 7:16-cv-00028-D Document 35-2 Filed 01/18/17 Page 6 of 8

ALSO ARE THAT THEY HAVE THE RIGHT TO CONSULT WITH AN ATTORNEY REGARDING THE EXECUTION OF THIS AGREEMENT AND GENERAL RELEASE.

ANY PLAINTIFF MAY REVOKE HIS INTENT TO BE BOUND BY THIS AGREEMENT AND GENERAL RELEASE FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY IT IS EXECUTED BY HIM OR ON HIS BEHALF. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO PAUL H. DERRICK AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF THE AGREEMENT AND GENERAL RELEASE I ENTERED INTO WITH JACKSON FARMING COMPANY, WILLIAM BRENT JACKSON, AND WILLIAM RODNEY JACKSON." THE REVOCATION MUST BE PERSONALLY DELIVERED TO PAUL H. DERRICK OR HIS DESIGNEE OR MAILED TO PAUL H. DERRICK, FREEMAN MATHIS & GARY, LLP, 5540 CENTERVIEW DRIVE, SUITE 200, RALEIGH, NORTH CAROLINA 27606, AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER THE EXECUTION OF THIS AGREEMENT AND GENERAL RELEASE.

PLAINTIFFS AGREE THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT AND GENERAL RELEASE, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST RELEASEES.

\* \* \*

The parties, by and through their counsel, knowingly and voluntarily sign this Agreement and General Release as of the date(s) set forth below:

**PLAINTIFFS**

By: *Robert J Willis*

Title: *Attorney for Plaintiffs*

Date: *Dec. 5, 2016*

7

Case 7:19-cv-00142-D Document 15-2 Filed 10/30/17 Page 11 of 8
Case 7:16-cv-00028-D Document 35-2 Filed 01/18/17 Page 11 of 12

**JACKSON FARMING COMPANY OF AUTRYVILLE**

By: *[signature]*

Title: President

Date: 11/30/16

**WILLIAM BRENT JACKSON**

*[signature]*

Date: 11/30/16

**WILLIAM RODNEY JACKSON**

*[signature]*

Date: 11-30-16

8